IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DANIEL P. THEELE, D.V.M., Ph.D.,

    Plaintiff,

vs.                                          Civ. No.  07-294 JP/RHS

THE BOARD OF REGENTS FOR
THE UNIVERSITY OF NEW MEXICO,
ANDREA ALLAN, individually and
DANIEL SAVAGE, individually,

    Defendants.

MEMORANDUM OPINION AND ORDER

On April 28, 2008, Defendant Dr. Andrea Allan filed Defendant Andrea Allan's Motion for Summary Judgment (Doc. No. 46).  Having reviewed the evidence, the briefs and the relevant law, the Court determines that the motion for summary judgment should be granted.

A.  Background

This is a First Amendment free speech retaliation action brought under 42 U.S.C. §1983. Plaintiff is a former University of New Mexico (UNM) Campus Veterinarian and Director of the Animal Resource Facility who alleges that he was forced to resign as a result of retaliation for his exercise of free speech.  Plaintiff sued the Board of Regents for the University of New Mexico (Board of Regents), Dr. Andrea Allan, and Dr. Daniel Savage.[1]  Dr. Allan contends that the Court should enter summary judgment in her favor because Plaintiff cannot establish his First Amendment claim against her.

---

[1] On July 28, 2008, the Court dismissed with prejudice Plaintiff's claims against the Board of Regents and Dr. Savage.  Summary Judgment in Favor of Defendant Board of Regents for the University of New Mexico and Defendant Daniel Savage (Doc. No. 67).

The undisputed material facts in this case have already been summarized in the Court's July 28, 2008 Memorandum Opinion and Order (Doc. No. 66).

B.  Summary Judgment Standard

Summary judgment is appropriate if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). When applying this standard, the Court examines the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment. *Applied Genetics Int'l, Inc. v. First Affiliated Sec., Inc.*, 912 F.2d 1238, 1241 (10th Cir. 1990). The moving party bears the initial burden of showing the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). Only then does the burden shift to the non-movant to come forward with evidence showing that there is a genuine issue of material fact. *Bacchus Indus., Inc. v. Arvin Indus., Inc.*, 939 F.2d 887, 891 (10th Cir. 1991).  An issue of material fact is genuine if a reasonable jury could return a verdict for the non-movant. *Kaul v. Stephan*, 83 F.3d 1208, 1212 (10th Cir.1996) (citation omitted). The non-moving party may not avoid summary judgment by resting upon the mere allegations or denials of his or her pleadings. *Bacchus Indus., Inc.*, 939 F.2d at 891.

C.  Discussion

In deciding whether an employee has a valid freedom of speech retaliation claim, the Court employs a five step analysis known as the *Garcetti/Pickering* test.  The Tenth Circuit has summarized that test as follows:

> First, the court must determine whether the employee speaks "pursuant to [his] official duties." If the employee speaks pursuant to this official duties, then there is no constitutional protection because the restriction on speech "simply reflects the exercise of employer control over what the employer itself has commissioned or created."  Second, if an employee does not speak pursuant to his official duties, but instead speaks as a citizen, the court must determine whether the subject of the speech is a matter of public concern.  If

>   the speech is not a matter of public concern, then the speech is unprotected and the inquiry ends.  Third, if the employee speaks as a citizen on a matter of public concern, the court must determine "whether the employee's interest in commenting on the issue outweighs the interest of the state as employer."  Fourth, assuming the employee's interest outweighs that of the employer, the employee must show that his speech was a "substantial factor or a motivating factor in [a] detrimental employment decision."  Finally, if the employee establishes that his speech was such a factor, "the employer may demonstrate that it would have taken the same action against the employee even in the absence of the protected speech."  The first three steps are to be resolved by the district court, while the last two are ordinarily for the trier of fact.

*Brammer-Hoelter v. Twin Peaks Charter Academy*, 492 F.3d 1192, 1202-03 (10th Cir. 2007)(citations omitted).

>   1.  Step One of the *Garcetti/Pickering* Test: Speech Made as Part of Official Duties

Dr. Allan argues that Plaintiff's official duties as Campus Veterinarian and Director of the Animal Resource Facility obligated him to inform UNM officials of animal abuse occurring during animal experimentation.  The Court addressed this exact issue with respect to the motion for summary judgment filed by the Board of Regents and Dr. Savage, and concluded as a matter of law that Plaintiff's speech regarding the reporting of animal abuse was made pursuant to his official duties as Campus Veterinarian and Director of the Animal Resource Facility.  *See* Memorandum Opinion and Order (Doc. No. 66) at 10-14.  Applying the law of the case, the Court determines that Dr. Allan is entitled to summary judgment because Plaintiff has failed to show as a matter of law that he can meet the first step of the *Garcetti/Pickering* test.

>   2.  Step Two of the *Garcetti/Pickering Test*: Matters of Public Concern

Although the Court need not proceed to discuss any of the remaining steps of the *Garcetti/Pickering* test, the Court will address the remaining issues raised by the parties in the interest of justice. Plaintiff maintains that his efforts to have UNM impose meaningful discipline against Dr. Allan was an important public matter in that he was speaking out against animal abuse

at UNM. Again, the Court ruled on this same issue when it addressed the Board of Regents and Dr. Savage's motion for summary judgment. *See* Memorandum Opinion and Order (Doc. No. 66) at 14-15. Consequently, in applying the law of the case, the Court reiterates that as a matter of law Plaintiff's speech was not a matter of public concern. Dr. Allan is entitled to summary judgment for this reason as well.

      3. The Remaining Steps of the *Garcetti/Pickering Test*

Dr. Allan further contends that the Plaintiff cannot show that he can meet the remaining steps of the *Garcetti/Pickering* Test because those steps apply to employers. Dr. Allan was Plaintiff's peer, not Plaintiff's employer or even supervisor. Plaintiff responds to this contention by asserting that he has a §1983 claim against Dr. Allan because she is "person" who was acting "under color of state law" and that her actions contributed to Plaintiff's forced resignation, a deprivation of a property right.

To establish a §1983 claim, the plaintiff must show that the defendant "deprived [the plaintiff] of a right secured by the Constitution or laws of the United States" while acting under the "color of state law." *Maestas v. Lujan*, 351 F.3d 1001, 1012 n.1 (10th Cir. 2003)(citing *Johnson v. Rodrigues*, 293 F.3d 1196, 1202 (10th Cir. 2002), *cert. denied*, 537 U.S. 1111 (2003)). To meet the "under color of law" element, the Plaintiff must show that Dr. Allan was either Plaintiff's supervisor or that she exercised state authority over Plaintiff. *Id*. (citing *Noland v. McAdoo*, 39 F.3d 269, 271 (10th Cir. 1994)). Plaintiff has not presented any evidence that Dr. Allan was Plaintiff's supervisor. Instead, Plaintiff appears to argue that Dr. Allan exercised state authority over Plaintiff by filing a complaint against him with the Academic Freedom & Tenure Committee which resulted in an outcome adverse to Plaintiff. Plaintiff does not provide any legal support for

this argument.  Moreover, the Court fails to comprehend how the mere filing of a complaint against a co-worker would amount to an exercise of state authority over that co-worker.  In reality, should a complaint result in a disciplinary action against the co-worker, the person or committee reviewing the complaint, in this case the Academic Freedom & Tenure Committee, is the state actor exercising state authority, i.e., discipline, over that co-worker.  The Court, therefore, concludes as a matter of law that Dr. Allan's filing of a complaint against Plaintiff with the Academic Freedom & Tenure Committee was not an exercise of state authority over Plaintiff.  *See, e.g., Cuyler v. Sullivan*, 446 U.S. 335, 343 n.6 (1980)(state action issue is a question of law).  In sum, Dr. Allan was not acting under color of state law with respect to Plaintiff.

If it is assumed that Plaintiff met the "color of law" element, Plaintiff has nonetheless failed to argue or show that he meets the remaining *Garcetti/Pickering* steps.  Hence, Plaintiff has failed to demonstrate that a reasonable juror could find that Dr. Allan deprived him of a constitutional right under the First Amendment.  Since Plaintiff has not shown that he has met the elements of a §1983 claim, Dr. Allan is entitled to summary judgment on Plaintiff's First Amendment claim.

IT IS ORDERED that Defendant Andrea Allan's Motion for Summary Judgment (Doc. No. 46) is granted and that summary judgment will be entered in favor of Dr. Allan, which will dismiss all of Plaintiff's claims against Dr. Allan.

_____
SENIOR UNITED STATES DISTRICT JUDGE